UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUDLEY W. JACKLINE,<br><br>    Petitioner,<br><br>    v.<br><br>SACRAMENTO COUNTY MAIN JAIL,<br><br>    Respondent. | No. 2:19-cv-1046 KJN P<br><br>ORDER |

Petitioner is a county jail inmate, proceeding pro se, with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He has submitted his request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Petitioner's filing is difficult to parse because he complains about conditions of confinement at the Sacramento County Jail, as well as about ongoing issues in his underlying criminal case, and includes many historical facts not relevant to an identifiable federal claim.

Petitioner is advised that as a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See

1

Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).[1]

In addition, under Younger v. Harris, 401 U.S. 37 (1971),[2] a federal court may not interfere with a pending state criminal case. Younger abstention is required if four requirements are satisfied: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley, 546 F.3d at 1092 (citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (*en banc*), and AmerisourceBergen Corp. v. Roden ("ABC"), 495 F.3d 1143, 1149 (9th Cir. 2007)). If plaintiff is awaiting trial, application of these factors would require this court to abstain from considering plaintiff's allegations concerning the criminal proceedings.

It is unclear whether petitioner can amend his petition to state a cognizable habeas claim that is not subject to the Younger abstention doctrine. But in an abundance of caution, the

---

[1] If plaintiff intends to file a civil rights action under 42 U.S.C. § 1983, he is advised that he may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

[2] "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008 (citations and fn. omitted). "[T]he Supreme Court has extended the doctrine to federal cases that would interfere with state civil cases and state administrative proceedings." Id. at 1982 (citing Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986)).

2

petition is dismissed with leave to amend.  Rule 4, Rules Governing Section 2254 Cases.  In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims, but omitting any allegations concerning the conditions of his confinement or other historical facts not relevant to the claims asserted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus, as well as the form for filing a civil rights complaint by a prisoner.

Dated: July 19, 2019

/cw/jack1046.114

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE